PRUDENCE HOLDING CORPORATION, Plaintiff, *v.* JENNIE E. GORDON REALTY CORPORATION, Defendant.

Supreme Court, New York County, December 1, 1927.

Pleadings — complaint — motion to separately state and number cause of action — complaint alleges plaintiff was induced to enter into contract by reason of fraudulent representations by defendant — subsequent allegation is predicated upon theory that premises should be conveyed free from tenement house violations existing at time of delivery of deed — complaint contains at least two causes of action based upon different theories of law — proper regard for defendant's rights requires service of amended complaint.

The complaint in this action alleges that the defendant represented that the structures on the premises conveyed to plaintiff " were legally and validly erected * * * and were * * * of the character that they appeared

to be," and charges that its representations were untrue to defendant's knowledge and that plaintiff relied upon them. The complaint also sets up a cause for specific performance free of violations. The complaint is fairly susceptible to the interpretation that it contains at least two causes of action predicated upon different theories of law, one based on a fraudulent misrepresentation, upon which plaintiff was induced to enter into the contract, and the other based upon the theory that the premises should be conveyed free from tenement house violations existing at the time of the delivery of the deed. A proper regard for defendant's rights requires the service of an amended complaint in which plaintiff should separately state and number the causes of action if more than one is relied upon.

MOTION to separately state and number each of the causes of action sought to be alleged in the complaint.

*Adolph Bangser* [*Charles L. Guy* of counsel], for the defendant, for the motion.

*Rose & Paskus* [*Norman S. Goetz* of counsel], for the plaintiff, opposed.

FRANKENTHALER, J. According to the allegations of paragraph 18 the defendant represented that the structures on the premises conveyed to plaintiff " were legally and validly erected and in existence and were legally and validly of the character that they appeared to be." The complaint charges, in addition, that these representations were untrue; that defendant knew them to be untrue; that plaintiff relied upon them, and that the value of the property if occupied by three or more families not doing their own cooking on the premises is much less than if such cooking were permitted. It is, therefore, a not unreasonable inference that plaintiff is attempting to predicate a cause of action upon the representations alleged to have been made by defendant. This view is strengthened by the fact that the charges of misrepresentation are unnecessary to the cause of action attempted to be set up in other parts of the complaint, viz., one for specific performance of the contract free from violations which would have affected the property at the date thereof had they not been removed from the record, to defendant's knowledge, by " improper, collusive or fraudulent means." If this manner of eliminating the violations be sufficient to entitle plaintiff to relief, it would hardly be necessary for it to establish, in addition, active misrepresentations by the defendant. It would suffice for plaintiff to allege, as it has, that it believed that the structure complied with the law. It may be that plaintiff has intended to set forth but a single cause of action. The fact is, however, that its pleading is fairly susceptible of the interpretation that it contains at least two causes of action, based

upon different theories of law, one based upon a fraudulent misrepresentation by which plaintiff was induced to enter into the contract, by reason of which he is entitled to an abatement of the purchase price, and the other based upon the theory that the premises should be conveyed free from tenement-house violations existing at the time of the delivery of the deed, although the contract only specified freedom from violations at the date of the contract. A proper regard for the defendant's rights requires the service of an amended pleading in which plaintiff should separately state and number the causes of action, if more than one is relied upon. If its intention is to set up only a single cause of action, all allegations unnecessary to its establishment should be eliminated. Settle order on notice.